McCALEB, Justice
(dissenting).
The theory of the opinion on rehearing seems to be that, since the provisions of paragraphs 7, subpars. d and e and 30, subpar. c of Section 15.1 of Article 14 of the Constitution, which authorize the Municipal Fire and Police Civil Service Boards to make investigations touching upon the conduct and performance of any employee in the classified service, do not specifically declare that such investigations shall be public, it necessarily follows that they must be held privately.[1] To fortify this position, the majority say that this is so because paragraphs 31 and 34 of the law, which deal with appeals by employees from alleged discriminatory action of the appointing authority and charges respecting an employee’s political activities, declare that the hearing and investigation conducted under those provisions must be open to the public.
These deductions are not sound in my estimation as they neglect to take into account that the civil service law envisions that all investigations of the Board, being matters impressed with a public interest, are open to public examination. As pointed out in our original opinion, it is exceed *1100 ingly doubtful that, the Civil Service Boards constituted under the law have any authority to conduct private investigations or hearings, as parag-raph ,6, subpar. m of Section 15.1 requires that all meetings of the Boards be open to the public, which contemplates that the Boards may act and function only as a body and not through their individual members in the exercise of duties vested in them under paragraph 7 of the law.
■ But, if it be conceded for sake of discussion that the investigations authorized by paragraphs 7, sub'pars. d and e and 30, subpar. c of the law may be held in private, it is a non sequitur to conclude that they must be held behind closed doors. Indeed, since the law does not specify that such investigations are to be privately conducted, the most that can be said is that the Boards are vested with the discretion of determining whether the public interest is best served in having a private or public investigation.[2] And, in the absence of. a showing that a public investigation impairs some constitutional guarantee (which relators claim to be the case here but have been unable to point out the particular constitutional right invaded), the courts should be loathe to interfere with a Civil Service Board in the field of operations encompassed within its statutory duties and prerogatives.
For the’reasons-set forth in the original opinion in this’ casé,"as.amplified by these remarks, I respectfully dissent.

. Tlie end result of this ruling is that henceforth the Civil Service Boards will not be able to conduct public investigations, even upon request of the employees whose conduct is to be scrutinized.

. Compare the State and Cities Civil Service Lffw, Section 15 of Article 14 of the Constitution, which contains similar provisions concerning investigations by the Boards of Civil Service personnel on their own motion. Pargraph (O). (4) declares that these investigations shall be public.